The next case today is Mr. and Mrs. Doe v. Portland Public Schools, Appeal No. 21-1589. Attorney Herlin, please introduce yourself for the record and proceed with your argument. Yes, my name is Eric Herlin. I'm the attorney for Portland Public Schools, and I would ask if I could have two minutes for rebuttal, if that's acceptable in court. Yes, it is. Thank you very much. This case is about the proper application of the stay-put provision under the federal special education law in a situation where a hearing officer down below has ordered reimbursement for past violations of the IDEA, but has also, at the same time, upheld the appropriateness of the current IEP and placement offered by Portland Public Schools. This is a dispute about stay-put and how that provision in the federal law works. Normally, when a family requests a due process hearing, stay-put goes into effect, locks in the then current educational placement, and that placement continues for the life of the proceeding all the way up through court appeals. That's the normal operation. There is, however, an exception in that provision that says if the school and the family agree on some alternative placement at some point in time, that will then become, at that point, the stay-put placement going forward. In Burlington, the Supreme Court case in Burlington, the court was asked to consider, well, what happens if a hearing officer orders a change of placement that matches up with what the family has requested? If the hearing officer has ordered a change of placement of that sort, then that's going to be considered an agreement with the family that a change of placement should happen, and that will be given stay-put effect going forward. That's essentially what the Burlington Court decided, and that was codified in the federal regulations in 518D. Here, what we have in this particular case is a hearing officer who has agreed to order reimbursement of certain costs that the family incurred for past violations of the IDEA, but the hearing officer specifically declined the family's request to change the child's placement going forward. If we're looking at this, what the district court's error was in this case was to essentially equate what I'll call reimbursement remedial law under the special Why shouldn't we consider the decision affirming the reimbursement to be the last time the state and the parents were in agreement for purposes of stay-put? I think the law, Your Honor, is asking us whether the hearing officer has ordered a change of placement, and that's necessarily a essentially present and forward-looking action. Are we going to change stay-put, which is otherwise set at the beginning of the case? Are we at some point going to change stay-put going forward? The Burlington Court and 518D have asked, all right, has the hearing officer ordered a placement change that's consistent with what the family is seeking? Then we can say, well, we now have agreement on what the placement should be going forward. That's exactly what the hearing officer in this case refused to do. The family asked for an order to change placement presently and going forward. They asked for the hearing officer to order a private placement. The hearing officer in this case said, no, I'm not going to order that placement. I find the Portland's IEP and placement offer appropriate. Yes, the hearing officer was going to remedy the past violations, and the remedial law under special ed. But the decision to remedy means that that was the last time that the parents in the state were in agreement. The hearing officer agreed that the parent was entitled to a remedy. There was a remedy only because the hearing officer thought that that was an appropriate placement. Well, this is a complicated case in that the remedy is like, we've got five different parts to it. I mean, it's not simply the remedy the family is asserting is the private, is the stay-put placement here. There's a host of things she was remedying. She was trying to make the family whole, make the child whole for the past violation. Before you leave that argument, Judge Thompson is asking about a specific argument made by Mr. O'Mara in his briefs. He says that in issuing the remedial order, the hearing officer must have implicitly, if not explicitly, found that the school, private school, charging tuition. I don't know how to pronounce the name of that school. What is it called? Ocasisco. Ocasisco. I'll try to keep on track. We'll try to say it out loud, Judge Lynch. Well, fools venture forward, I guess. So, Ocasisco, according to Mr. O'Mara, the hearing officer's remedial decision means that that must have been an appropriate fate. That's the argument that is being made. All right. What is your response to that argument? It's correct that in order to get a remedy under the IDEA, the hearing officer has to find what you're seeking as a remedy is beneficial or appropriate for the child. That language is there under the remedy jurisprudence for the IDEA. But when we turn to stay put and whether we are going to alter the stay put placement going forward, we're looking for a decision by the hearing officer to change the placement, which is different than saying, I approve a remedy as being appropriate for this child. I'm being asked whether I'm going to change the placement and not order relief, but change the placement going forward. And that means I'm going to rule against the current IEP in order that the child continue in a particular placement moving forward. And then that is understood as an agreement with the family that the placement should change going forward. I thought you were also making two other arguments. One is that the hearing officer says quite explicitly that no, I am not ordering placement to this private school. In fact, I find the IEP offered by the school system to be adequate. I understand you're making that argument, but I also understood you are making a separate argument that while under remedial law, it may have been beneficial to the child, there was absolutely no finding that the private school was appropriate and the least restrictive placement that there could be. Is that correct? That is correct. That's an additional argument that we make. They blend together because it orders, which simply ask whether it's basically educationally beneficial for the child. They don't apply standards like the least restrictive requirement that is generally understood to be part of the equation for whether a program is appropriate or not. When we're looking at an IEP from a forward-looking perspective, we're going to ask whether it's got the right collection of services and whether it's being implemented in the least restrictive environment. This hearing officer identified and said that she was applying what I'll call, she didn't use the word, but a softer standard for measuring whether the placement, the remedial placement was appropriate to remedy the past harm. She recognized that really, really important IDEA principles for least restrictive programming are not really part of that factor. She herself identified how this reimbursement order is different than when she's being asked, what should this placement be going forward, which is also really the stay put question too. In that situation, when she was asked, well, is Portland's IEP now proposed appropriate going forward? She looked at it, said it looked good and denied the family's specific request to change the placement going forward. The concern here is this blending together of remedial reimbursement law with this almost standalone concept of stay put and how stay put is going to work for a placement as a case moves ahead. Our argument is that Burlington and 518D are essentially asking, well, does the placement should be going ahead and does that match up with the family's request for what the placement should be? I understood you also to be making a larger kind of, here's what Congress intended. I understood you to be saying, if when there is a remedial reimbursement order, you do what the district court here did and find that that then becomes a stay put order, that that would have a really bad effect on the administration of this statute. And then you make some temporal arguments about how long IEPs last. I will say when I looked at this, I thought this remedial order was limited to reimbursement from the period where the school system inaccurately said this is not a IDEA child until the time that they made the correct decision that he is a IDEA child and came up with an appropriate placement. And it was limited to that. Somehow that remedial order seems to have been spun out into a much larger financial obligation, which to me seems inconsistent with the plan that these Portland schools offered, which the hearing officer said was appropriate. And certainly I agree with you, Your Honor. And I would note the problem is highlighted by the amici brief involving the Philadelphia School Department versus Kirsch. And in that amicus brief, it's a district court in Pennsylvania, and they committed the same error that the district court did here. And in that case, the hearing officer found a two-month violation and ordered a upheld everything else the school had done. And that two-month order was then, because it was an approval of a reimbursement, that two-month order then became the state placement for the life of that case, which was for like three or four years and ended up like a quarter of a million dollar order against the school district simply because there was an earlier violation of two months in length, while she at the same time upheld the IEP ultimately put together. All right. Are there further questions from my colleagues? You have, Judge Helpe, and you do have time reserved. Just one very quick question. I'm looking at your jurisdictional statement and the case, you do have one case on point for a state put order for purpose of appellate jurisdiction, and that's the Hawaii Department of Education case. Am I correct? That's the only one involving a state put order that you've cited? That's the one I found. I don't know of any dispute about it either. I'm not aware of any disagreement. There would be jurisdiction, but thank you. Okay, thank you. And that's a question I was going to ask opposing counsel. You're not contesting jurisdiction, so when opposing counsel comes in, that's my first question. Thank you. Okay. At this time, Mr. Herland, please mute your audio and your video. Mr. O'Mara, please unmute your audio and video and introduce yourself on the record to begin. Good morning, Your Honors. Richard O'Mara on behalf of the appellees, Mr. and Mrs. Doe, and to answer Judge Helpe's question, we're not contesting appellate jurisdiction on the central locatory appeal. This is an odd case factually in the sense that it has two parts, both of which went to hearing at the same time with the same hearing officer, and the appellant acknowledges this in the reply brief. There are two parts. One part is totally done and agreed upon. One part remains before Judge Levy up in the district court in the District of Maine, and the part that's done is that there was a violation of this student's right to fape for about a two-year period that needed to be remedied, and the part that's still in play is whether this IEP that was offered in January of 2020 actually is appropriate. We're contesting that, and so the question is in this case simply what happens to the student's status quo while that contest takes place in May? We just actually argued before Judge Levy a week ago on the judicial review of that issue that remains in play, so that litigation continues apace, and this is where section... I'm sorry, did Judge Levy give you any ideas to when he might be within the last five or six days? I assume that they're working on it right now, so I feel like we're getting closer to the end of the IDEA judicial review given the fact that he was well prepared for the argument, but under the regulation, the only question that Judge Levy had to answer, and the only question you have to answer, is whether the hearing officer agreed on a change of placement being appropriate with the parents, and it's very clear from this record that she did even though she says in the part we contest that the IEP that was offered would have been a fake because at the time this hearing occurred in July of 2020, the student had been placed unilaterally at this Ocasisco school, which is a private learning disability school near Portland, Maine, and at that time he was attending full-time, and she entered her order in September of 2020, and she ordered reimbursement that would have continued him through the first semester of the last school year, and that first semester ends the third week of January 2021, so the entire period of time... Counsel, if I might, isn't it true that at the time of the appeal, the child was not at Ocasisco, but at a different private school, the Breakwater School? Well, this hearing was filed first in November of 20... No, no, I'm asking at the... Where's the child? The child is still at the Ocasisco school, and has been since the beginning of February 2020, and he was not there when the due process hearing was first brought. He was sent there shortly afterwards. Okay, at the time the due process hearing was... Before the hearing officer was sought, he was not at that school. Right, he was in Portland in elementary school through third grade. It was at the end of third grade that the parents discovered that he should have been receiving special education, and they had an independent evaluation done. They put him into some private tutoring at the Ocasisco school at that time. That seemed to work better for him. They then tried... Yes, yeah, all of that is in your brief. I'm just trying to get the timing right. Okay, so your case turns or falls on the agreement point, correct? Yes, that was the basis for the district court's decision. That's the basis for our argument, and we have to keep in mind that this policy that was in the Burlington case from the statute, which is to... There's a child in the middle of this case, and the point is to keep some stability in his life, and the hearing officer ordered reimbursement. In other words, public funding for a placement from February of 2020 through January of 2021. And that was specifically time limited. I don't actually understand your argument that necessarily that order was a change in placement order when, in fact, the hearing officer says it is no such thing. The hearing officer does not say that. The hearing officer says that the placement that he had been in, which was no services at all... The hearing officer does find that the plan offered by the Portland schools is appropriate, and if you want to talk about a change in placement, that's it. So again, I understand why you started the argument the way you did, but you're asking us to take a ruling by the hearing officer and say, oh no, it doesn't apply to the remedial order, and I don't see why we should do that. What I'm saying, your honor, is that the thing that is being contested in district court is the part of the order that approves the IEP. Yes, but you do not get stay put merely because you have challenged, and it seems to me that that's what you're trying to accomplish here, and that's not what the statute says. No, that's not my argument. My argument is that part of her decision agrees with us on what his placement should be from February of 20 to January of 21, and part of her decision disagrees with us, and we've challenged it, and so as Judge Levy found, the agreement sets the stay put. The disagreement goes to litigation in the district court. That's how the statute... She did not find. She found that Portland had failed to meet its obligations to treat him under IDEA, and therefore a remedial order of the tuition paid up to the time that Portland does provide him with a plan. That's not true. Okay, all right, so tell me the basis for your argument that that is not true, and go beyond that, and why does that then, that remedial order amount to a change of placement order? Because the period in which he was placed at the private school was from February of 20 until January of 21 with public funding. That's what she ordered. That's the same period of time that the IEP ran that she approved, but she did not order that he be placed in the Portland Public Schools under that IEP. She ordered reimbursement of the private school funds for that entire year. That is a placement for the entire... No, I'm sorry. Hearing officers don't order students to be placed somewhere, correct? She found that what Portland was offering complied with the statute, so let's go back to your first. Why is the remedial order to be viewed as a change in placement agreed upon by the hearing officer and the school system? Because that's the way reimbursement works. Under the statute, you can get a hearing officer's order for placement two ways. You can go to the hearing first and get the hearing officer to say the student shall be placed here, or if you're the parent, you can take the risk, place them yourself, and then ask for the reimbursement order, which then confirms, and Judge too broadly, the facts there are really different. In any event... I'm not saying the facts are the same. I'm saying the principle that a parent can make a placement themselves and then ask the hearing officer to confirm it and ask the public school to pay for it is the reimbursement order. Then, as Judge Lopez says, that decision, by being blessed by the state hearing officer, blessed by the state, becomes the agreement that that is the student's placement, and so that becomes state put when the rest of her decision about the IEP is challenged, and so we can't rely on anything we're challenging for state put. We can only rely on the parts where she agreed with us, which is that from February of 20 to January of 21, he had a placement at Well, the IEP contains within it a program description that then has to be carried out by a placement, and so there usually is a reference to the IEP to where the program will be carried out. But what I'm saying is that during the time the child was placed at ArcoCisco, did the child have an IEP? He did not. Okay. Well, he had an IEP, but the hearing officer did not order it implemented. She basically says that IEP would provide a FAPE, but that's not what I'm ordering. I'm ordering reimbursement to the parents because... I'm sorry, Mr. O'Mara. As I understood it, Portland's mistake was not offering him an IEP early on in 2017, and it was when that happened that the parents then put the child into a private school. Is that correct? And therefore, the parents putting him into the private school was not pursuant to an IEP. What happened, Your Honor, was the parents obtained some tutoring for the student during 2019, which was two years into the default by Portland. They found services that worked, and then in January of 2020, there was an IEP team meeting at which Portland developed an IEP to offer them. They rejected it and placed him at ArcoCisco full-time, and that's what the hearing officer found, is that that placement would be reimbursed for the following year from February of 2020 to January of 2021. That's when he went full-time to ArcoCisco, so that before the hearing and after the hearing, for several months, he was placed at ArcoCisco. It's the only placement he was in, and so if we're looking at the purpose of the statute, which is to have stability for him while we're appealing and going for judicial review on the IEP point, which we believe is wrongly decided, he's entitled to stay put until there's a ruling by Judge Levy. That's exactly what the district court found, and it's perfectly supportable under 300.518D. Okay, anything else? The only other thing I'll say is that there's been some suggestion by the appellant that somehow finding by the hearing officer that the placement at ArcoCisco is proper is somehow different from finding that it's appropriate, and as we've said in our brief, those two concepts are the same thing. That's what the Supreme Court said in the Florence County v. Carter case, and although least restrictive environment is not part of the calculus in a reimbursement case, that doesn't at all affect whether the placement is appropriate, and so her finding that ArcoCisco is an appropriate placement or is a proper placement means the same thing, and it does not have to be least restrictive environment for the student in order to animate the finding that the stay put clause applies. There are many, many cases finding stay put on cases where the hearing officer has found reimbursement appropriate under the Burlington v. Carter rubric, and so in this case, the correct decision is the one Judge Levy made, and you should affirm it. Thank you. Thank you. Mr. O'Mara, at this time, please mute your audio and video, and Attorney Herlin, please unmute your audio and video and reintroduce yourself on the record to begin your two-minute rebuttal. Again, this is Eric Herlin, the attorney for Portland Public Schools. I would just like to draw to the attention of the court the special nature of reimbursement remedial orders under the IDEA, which this case points out well. In Portland's reply brief, page two, we have six bullets identifying all the various things that she, in fact, ordered in an effort to remedy a 20-month past period. She calculated the number of months where the deprivation occurred. She identified a comparable 20-month span in which expenditures were made, and she upheld reimbursement for those expenditures from that 20-month period. That's a very different thing than ordering that a placement should change for this child going forward, a change of placement order, which she specifically rejected when the family asked for it. I have nothing else, but I'm happy. I want to ask one question. Mr. O'Mara has just said that under the Supreme Court's Florence County decision, we must read a remedial order as the equivalent of a stay-put order. I don't know what to say to that because Florence County didn't address stay-put at all. Burlington is the stay-put case by the Supreme Court, and in that case, the hearing officer ruled that the current IEP was inappropriate and ordered the kid placed, I think, at the Carroll School. So, that matches up with Portland's argument here, and that's stay-put jurisdiction, jurisprudence, and Florence is remedial jurisprudence. Okay, thank you. Any further questions? Okay, thank you, Mr. O'Mara. That concludes arguments in this case. Attorney Herlin and Attorney O'Mara should disconnect from the hearing at this time.